Dear Ms. Boudreaux:
You have requested an opinion of the Attorney General regarding the provisions of R.S. 33:1236(35)(a) which provides, in pertinent part:
 "The police juries and other parish governing authorities shall have the following powers:
* * *
 (35)(a) In the event that the administrative office of a parish governing authority renders any service, including but not limited to bookkeeping, administrative, or clerical services, to any board, agency, district, subdivision, or any other entity of local government, excluding municipalities, sheriffs, clerks of court or assessors, the parish governing authority shall have the authority to assess a charge of not more than four percent of the total revenues of that entity for such services actually rendered by said office. However, the amount of any such charge shall be established by agreement between the governing authority and such entity and shall not exceed the actual cost, including direct and indirect expenses, incurred by the administrative office of the governing authority in rendering such services to the entity." (Emphasis added.)
You first ask whether the term "total revenues" refers to revenues realized or revenues recognized. In answer to your question, it is the opinion of this office that the amount of fees must be based upon actual revenues received as opposed to those anticipated, projected, or even recognized. See Attorney General Opinion No. 91-351.
You next ask whether the administrative fees authorized by R.S.33:1236(35)(a) may be apportioned to departments within the parish governing body (e.g., a road district), or are such fees limited to outside agencies and departments.
While the examples listed in Paragraph (35)(a) refer to outside agencies, this office has previously recognized that the police jury may assess the charge against various departments of parish government so long as the department is an "entity" distinct from the police jury. See Attorney General Opinion Nos. 92-671 and 91-351.
It should be noted, however, that Attorney General Opinion Nos. 92-682 and 92-671 conclude that the police jury may not charge an administrative fee against debt service funds and Parish Transportation Funds, respectively.
Should you need any additional information concerning this matter, please do not hesitate to contact me.
With kindest regards, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3:bb
0415R
Ms. Susan Boudreaux Investment Officer Terrebonne Parish Consolidated Government P.O. Box 6097 Houma, LA 70361
Date Received: 09-29-94
Date Released:
ROBERT E. HARROUN, III ASST. ATTORNEY GENERAL